IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LETITIA ANN LEE,

   *Plaintiff,*

  v.

KILOLO KIJAKAZI,

   *Defendant*.

Civil Action No. ELH-23-01731

**MEMORANDUM**

Plaintiff, Letitia Ann Lee, through counsel, Theodore Anthony Melanson, of the law firm of Mignini, Raab, Demuth & Murahari, LLP (the "Firm"), has moved for an award of attorney's fees, pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 406(b). ECF 24 (the "Motion"). Counsel seeks a fee award of $33,931.00, representing 25% of the past-due benefits of $135,724.00, to be paid to plaintiff.

In response, the Social Security Administration ("SSA") has asked the Court to consider whether the requested fee amount constitutes a reasonable attorney's fee. ECF 26. No reply was filed.

No hearing is necessary. *See* Loc. R. 105.6. For the reasons set forth below, I shall grant the Motion in part and deny it in part.

**A.**

On June 27, 2023, plaintiff, represented by Mr. Melanson, petitioned the Court to review the SSA's final decision to deny plaintiff's claim for Social Security benefits. ECF 1. On March 8, 2024, the Commissioner filed a consent motion to remand this case under sentence four of Section 205(g) of the Social Security Act. ECF 17 (citing 42 U.S.C. § 405(g)). The Court granted the motion and remanded the case to the SSA, pursuant to sentence four of Section 205(g) of the

Act.  ECF 18.

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Mr. Melanson sought and received an award of $3,512.96 in legal fees for the 14.25 hours that he worked on plaintiff's case in federal court.  ECF 19, ECF 20, ECF 21.

Thereafter, plaintiff received a favorable decision awarding past due benefits in the amount of $135,724.00.  ECF 24.  As a result, Mr. Melanson now requests additional attorney's fees.  As noted, he seeks a fee award of $33,931.00, which constitutes twenty-five percent of the past-due benefits awarded to plaintiff.  *Id*.  Mr. Melanson also agrees to reimburse plaintiff the $3,512.96 in fees he previously received under the EAJA.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

**B.**

The Act authorizes the award of a reasonable attorney's fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits.  42 U.S.C. § 406(b).  Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.  In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id*. at 808.  Courts may require the attorney to provide a record of hours spent working on the case, and the attorney's typical hourly billing charge. *Id*.  Notably, the Supreme Court has acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constitutes a "windfall" to the attorney. *Id*.

## C.

In this case, plaintiff and the Firm entered into a contingent fee agreement, by which plaintiff agreed to pay the Firm twenty-five percent of all retroactive benefits to which she might become entitled. ECF 19-4. In the previous motion for attorney's fees, pursuant to the EAJA, Mr. Melanson submitted an itemized report documenting 14.25 hours of work billed in plaintiff's case before this Court. ECF 19-8. If Mr. Melanson receives the full amount of legal fees requested here, his fee for representation before the Court will effectively be at the rate of $2,381.12 per hour. Counsel must show this hourly rate is reasonable for the services rendered. *See Gisbrecht*, 535 U.S. at 807.

Mr. Melanson has "been practicing Social Security law since December 2014." ECF 19-7, at 2. He cites a regular hourly rate of $300.00. *Id*. The requested fee—$2,381.12 per hour—is more than seven times his regular hourly rate.

Although courts often approve rates much higher than normal in Social Security cases, *see Trenton A. v. Comm'r, Soc. Sec. Admin.*, No. JMC-19-1568, 2022 WL 7099730, at *2 (D. Md. Jan. 27, 2022), the requested rate in this case exceeds the typical rates awarded by courts in the Fourth Circuit for attorney's fees in successful Social Security appeals. Indeed, "[h]ourly rates exceeding $1,000 are the exception, not the rule." *Willie B. v. Comm'r, Soc. Sec. Admin.*, SAG-20-2973, 2023 WL 3950112, at *2 (D. Md. June 12, 2023) (finding that an effective rate of $1,231.78 per hour was unreasonable).

The Court recognizes Mr. Melanson's effective performance and the substantial past-due benefits awarded to his client. Nevertheless, Mr. Melanson's request of $2,381.12 per hour for 14.25 hours of work in this case would result in a windfall. *See Everlena G. v. Comm'r, Soc. Sec. Admin.*, No. SAG-20-00784, 2023 WL 424427, at *1 (D. Md. Jan. 26, 2023) (finding that an

effective rate of $1,284.65 "would result in a windfall").

Instead, the Court concludes that an award of $14,250.00, amounting to an hourly rate of $1,000.00—more than triple Mr. Melanson's regular hourly rate—would adequately compensate Mr. Melanson and the Firm for the time he spent on this case in this Court. *See Hunter v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-15-3758, 2017 U.S. Dist. LEXIS 221544 (D. Md. Nov. 16, 2017) (approving contingency fee agreement with hourly rate of $1,140.41, while noting that the requested rate was "slightly more than triple the top hourly rate" for an attorney with similar experience).

**D.**

For the reasons set forth herein, the Court GRANTS IN PART and DENIES IN PART the Motion for attorney's fees. *See* ECF 24. The Court will award attorney's fees in the sum of $14,250.00. Mr. Melanson must reimburse plaintiff the sum of $3,512.96 in legal fees that he previously received under the EAJA.

An Order follows.


Date:  January 13, 2026                         /s/
                                        Ellen L. Hollander
                                        United States District Judge